UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Levi Eisenberg,<br><br>                    Plaintiff,<br><br>         -v.-<br><br>Cavalry Portfolio Services, LLC and<br>Cavalry SPV I, LLC,<br><br>                    Defendant(s). | Civil Action No: 7:20-cv-09284<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Levi Eisenberg, a New York resident, brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Cavalry Portfolio Services, LLC ("Cavalry Portfolio") and Cavalry SPV I, LLC ("Cavalry"), respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Rockland, residing at 31 Tara Drive, Pomona, NY 10970.

7. Defendant Cavalry Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

8. Upon information and belief, Cavalry Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

9. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

10. Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the above allegations as if set forth here.

12. On a date better known to Defendants, Plaintiff allegedly incurred an obligation to Citibank, N.A.

13. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. This alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically non-payment for personal credit card purchases.

15. Upon information and belief, Citibank transferred the debt to Cavalry.

16. Upon information and belief, Cavalry contracted with Cavalry Portfolio to collect the alleged debt.

17. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

18. On or about June 20, 2019 Defendant Cavalry Portfolio sent Plaintiff an initial debt collection letter containing the notice required by 15 U.S.C. § 1692g (a).

19. Cavalry Portfolio then sent at least one more collection letter but ceased its collection activities on or after August 21, 2020.

20. Thereafter, Cavalry contracted with non-party Financial Recovery Services, Inc. ("FRS") to collect the alleged debt.

21. On or about October 3, 2019, FRS, on behalf of Cavalry, sent Plaintiff an initial debt collection letter containing the notice required by 15 U.S.C. § 1692g (a).

22. FRS sent multiple debt collection letters to Plaintiff in the following months through at least January 2020 regarding the alleged Citibank debt.

*Violation – February 4, 2020 Letter*

23. On or about February 4, 2020 Defendant Cavalry Portfolio, on behalf of Defendant Cavalry, sent Plaintiff a collection notice regarding the alleged debt owed. A copy of this letter from Defendants is **attached as Exhibit A**.

24. This letter does not contain the notices required by 15 U.S.C. § 1692g (a).

25. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [certain information]

26. When Cavalry Portfolio began to collect on the alleged debt in February 2020, it was required to include the 15 U.S.C. § 1692g (a) notice.

27. This is because Cavalry Portfolio ceased its debt collection efforts in August 2019, and because responsibility for the collecting the debt was transferred to FRS for a number of months.

28. The February 4, 2020 letter was therefore an initial communication requiring inclusion of the § 1692g (a) notice.

29. Yet Defendants failed to include the required § 1692g (a) notice.

30. Plaintiff was unfairly denied his right to dispute the debt due to Defendants' deceptive debt collection efforts.

31. As a result of all of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

32. Plaintiff repeats the above allegations as if set forth here.

33. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. Defendants violated 15 U.S.C. 1692e (10) by failing to disclose to Plaintiff his rights to dispute the debt.

36. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

37. Plaintiff repeats the above allegations as if set forth here.

38. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

39. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

40. Defendant violated this section by failing to disclose to Plaintiff his rights to dispute the debt.

41. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

42. Plaintiff repeats the above allegations as if set forth here.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

44. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [certain information]

45. Defendant violated 15 U.S.C. §1692g by failing to include the required notice.

46. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Levi Eisenberg demands judgment from Defendants Cavalry Portfolio Services, LLC and Cavalry SPV 1, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 5, 2020

**Stein Saks, PLLC**
s/ Eliyahu Babad
by: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 x121
Fax: 201-282-6501
EBabad@SteinSaksLegal.com
*Attorneys for Plaintiff*